Filed 12/19/14  P. v. Mcclaine CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>GREGORY LAMAR McCLAINE,<br><br>          Defendant and Appellant. | A142001<br><br>(San Mateo County<br>Super. Ct. No. SC079265A) |

**INTRODUCTION**

In this case, appellate counsel has made an independent review of the trial court proceedings and determined the record reflects no meritorious claims for appeal.  He has advised defendant of his conclusion and told McClaine he may file a supplemental brief raising any issues defendant believes merit our review.  Appellant has not filed any such pleadings.  Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, 119, counsel asks this court to conduct an independent review of the record.  We have done so and find no issues meriting further appellate consideration.

This case is an appeal of an order to pay victim restitution, following a contested restitution hearing, and it is authorized pursuant to California Rules of Court, rule 8.304, subdivision (b).

**STATEMENT OF THE CASE**

On October 21, 2013, the San Mateo District Attorney filed an information charging defendant with one count of felony robbery in violation of Penal Code section

1

212.5[1], subdivision (c) (count one), and one felony count of attempted robbery in violation of section 664/212.5, subdivision (c) (count two). The information also alleged count one was a serious and violent felony in violation of section 1192.7, subdivision (c)(19) and 667.5, subdivision (c)(9). Count two was alleged a serious felony under section 1192.7, subdivision (c)(39).

On December 9, 2013, before his trial was to start, defendant entered a change of plea under a negotiated disposition. The prosecution amended the information with a third count alleging a violation of section 487, subdivision (c), and dismissed the remaining two counts and allegations in the interests of justice.

At the sentencing on February 14, 2014, the trial court ordered the imposition of sentence suspended and placed defendant on three-years probation. The court also ordered defendant to serve 364 days in the county jail and pay all fines and fees. Defendant had 364 days credit, consisting of 182 actual days and 182 days for good-time.

The trial court held a contested restitution hearing on April 25, 2014 in this matter. The district attorney argued there was victim restitution in the sum of $1,025. After reviewing the preliminary hearing transcript, the court affirmed its finding the restitution would be $1,025.

On June 3, 2014, defendant filed his notice of appeal.

## STATEMENT OF FACTS

On the night of August 7, 2013, Juan Ramos was travelling home from his work place known as Fish's Wild restaurant in Redwood City. He had been paid that morning the wage of $1,025 in cash. Ramos stopped at the corner of Broadway and Beech Streets to purchase marijuana from some men standing in front of a store. Defendant was one of the sellers of the dope and received $20 from Ramos. Concerned for his safety, Ramos decided to enter the store to avoid the dealers.

---

[1] Unless otherwise noted, all further statutory references are to the Penal Code.

When Ramos eventually left the store, defendant approached him and, flashing the $20 bill, told Ramos to, "Come on. Come on." Ramos continued to walk away towards his home. When Ramos turned the corner onto Marshall Street, he was grabbed, punched in the face, and knocked to the ground. Defendant held Ramos on the ground while the other two suspects took the money from his pockets. The victim identified defendant as the man who held him down. Some people, hearing the yells, saw the assault and called the police. Ramos was taken to the hospital for his injuries.

Ramos was presented with a photo spread of six suspects in his robbery. He identified defendant in that spread. He also attended a live lineup and selected defendant in the showing.

On April 25, 2014, the trial court conducted the hearing on restitution. Defendant was present with counsel. The hearing involved two separate cases, with the Ramos incident described above being one. Both sides agreed to present only argument on the issue of restitution. The prosecution relied on the preliminary hearing testimony of victim Ramos regarding the loss. Both sides had asked about the sum of money Ramos had and its source at the hearing. At the hearing, defendant's counsel did indicate she wished to inquire about the victim's earnings because of the cash amount. However, she had previously agreed to proceed without any witnesses presented by either side. Also, Ramos was asked without objection about his wages during cross-examination as well as direct. Finally, the defense presented no evidence at the hearing challenging the restitution amount. The hearing judge had reviewed the transcript of the preliminary hearing and determined the amount of loss established credibly for purposes of restitution.

**DISCUSSION**

We have reviewed the proceedings below. There is no certificate of probable cause here. There can be no appellate review of the proceedings dealing with the plea or sentence in this case. The hearing on restitution was submitted on the preliminary

3

hearing transcript of the victim's testimony, supplemented by argument by counsel. Issues of credibility were resolved by the judge. At all times, defendant was competently represented by counsel. We find no abuse of discretion by the trial judge in the amount of restitution awarded in this case.

## DISPOSITION

We affirm the judgment in this case.

_____
Dondero, J.

We concur:

_____
Margulies, Acting P.J.

_____
Banke, J.